IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Stuart J. Fetter, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:05-2200-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| UNUM Life Insurance Company of America, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant UNUM Life Insurance Company's motion for summary judgment. In 1997 defendant issued a group disability insurance policy insuring plaintiff Stuart Fetter as an employee of employer Silverman Jewelers. This court previously awarded plaintiff long-term disability benefits due to his severe back problems. (C/A No. 03-1688, order of Feb. 15, 2005). On March 30, 2005, plaintiff submitted an additional application for long-term benefits and requested various documents relating to plaintiff's claim and policy. Plaintiff's present suit contends defendant has refused to provide the documents, and seeks the statutory penalty as provided in 29 U.S.C. § 1132(c) (West 2005). The gist of this dispute is whether defendant is the "administrator" subject to the penalty under § 1132(c).

## I. STANDARD OF REVIEW

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court

that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a "mere scintilla" of evidence will not preclude summary judgment. The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment. Id. at 251.

## II.     DISCUSSION

The civil enforcement provision of ERISA provides:

> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . .

29 U.S.C. § 1132(c)(1) (West 2005). ERISA defines "administrator" as

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary [of Labor] may by regulation prescribe.

29 U.S.C. § 1002(16)(A). The "Summary Plan Description" of defendant's plan reads

> **Plan Administrator, Name,**
> **Address, and Telephone Number:**
> Silverman Jewelers Consultants, Inc.
> Anchor Center - Suite 100
> 546 Long Point Road
> Mt. Pleasant, South Carolina
> 29464

(Plan at ERISA-1) (emphasis in original)).  However, on the following page the plan also reads:

**TYPE OF ADMINISTRATION:**
Insurer Administration

Id. at ERISA-2 (emphasis in original). The plan summary reminds plan participants that they may

> obtain copies of all plan documents and other plan information upon written request to the Plan Administrator.
> . . . .
> Under ERISA, there are steps you can take to enforce the above rights.  For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court.  In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Administrator

Id. at ERISA-3 (emphasis added).  Plaintiff advances three grounds for identifying defendant as the administrator: (1) the "insurer administration" label; (2) defendant's conduct demonstrates it is the administrator; and (2) defendant should be estopped from denying it is the administrator.

Plaintiff contends the policy identifies both defendant and employer as the administrator under ERISA's definition of that term ("person specifically so designated by the terms of the instrument under which the plan is operated").  However, the policy specifies that only the "Plan Administrator" is subject to the $100/day penalty.  The "Plan Administrator" is clearly identified on the front page of the Plan.  Despite the inferences which could be drawn from the "insurer administration" term, the plan complies with 29 U.S.C. § 1132(c)(1)(i) and specifically identifies the "Plan Administrator" as the party subject to the fine.  These considerations temper plaintiff's

contention that the policy is ambiguous as to who is the "administrator" subject to § 1132(c) penalty. Only the employer is "specifically . . . designated" as the administrator.

Plaintiff argues defendant's actions and duties identify it as the administrator. Among other factors, the plan requires appeals to be sent to defendant, various forms identify defendant in an administrative capacity, and defendant's correspondence states its ability to administer claims. Defendant draws a distinction between a "plan administrator" and a "claims administrator," and identifies itself as the latter. The policy does not mention "claims administrator," but defendant apparently has discretionary duties to adjust claims. Federal courts have recognized this distinction. See Kling v. ABC Group, No. 04-2626, 2005 WL 1140624, *4 (D. Minn. May 10, 2005) ("A claims administrator is not synonymous to a plan administrator, and the mere delegation of claims administration to the insurer does not elevate the insurer to the status of plan administrator."). Kling defines the claims administrator as the "fiduciary who will be liable for a wrongful denial of benefits." Id. Similarly, defendant is the fiduciary responsible the determination of benefits. Defendant's position as a fiduciary with discretionary authority to review claims does not automatically make it the plan administrator. This arrangement between employers and insurers in employee insurance plans in not unusual. Only specifically designated administrators are subject to the penalty.[1]

---

[1] The Fourth Circuit notes that § 1132(c) is imposed on "any plan administrator that fails to comply with the notice provisions of ERISA." Underwood v. Fluor Daniel, Inc., No. 95-42, 1997 WL 33123, *4 (4th Cir., January 28, 1997) (unpublished). The Ninth Circuit denied a § 1132(c) claim against an insurer even though the insurer had incorrectly told plaintiff that it was the plan administrator. Moran v. Aetna Life Ins. Co.,

4

Finally, plaintiff contends collateral estoppel and/or judicial estoppel prevent defendant from denying it is the "administrator" for § 1132(c).  Plaintiff acknowledges that state equitable estoppel principles cannot change the terms of an ERISA policy.  See Healthsouth Rehab. Hosp. v. Am. Nat'l Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996) (noting "ERISA simply does not recognize the validity of oral or non-conforming written modifications to ERISA plans").  However, courts in this circuit have suggested that collateral or judicial estoppel "may be invoked in ERISA cases when the actions at issue are interpretations of ambiguous plan provisions." Shelton-Tilley v. Prudential Ins. Co., 168 F. Supp. 2d 584, 588 (W.D. Va. 2001).

Even if collateral or judicial estoppel were available in this context, neither would apply.  In both instances, plaintiff relies on this court's February 15, 2005 order in C/A No. 03-1688, which calculated long-term disability benefits.  The parties disagreed over which policy language controlled that calculation; plaintiff suggested the language in the administrative record (the "355" language), while defendant advanced policy language subsequently added as an amendment (the "83" language).  The court ultimately held the 355 language applied for three reasons.  Only one of these reasons involves defendant's

---

872 F.2d 296, 300 (9th Cir. 1989) (noting that since statute expressly identifies who may be sued under its provisions, defendant could not be equitably estopped from denying its previous identification as plan administrator).  The insurer's actions in Moran are more misleading that the case at bar - and it was still decided in the insurer's favor.  Other circuits have come to similar conclusions regarding § 1132(c)'s availability. See Caffey v. UNUM Life Ins. Co., 302 F.3d 576, 585 (6th Cir. 2002) ("only plan administrators are liable for statutory penalties under § 1132(c). . . .[A]n insurance company, which is not a plan administrator, cannot be liable for statutory damages for failure to comply with an information request.").

5

putative obligations under as administrator under §1132(c):

> Defendant was required to give plaintiff all documents relevant to his claim within a reasonable time of his request, and the 83 language was not included in such disclosures until July 26, 2004. Section 2560.503-1 of Title 29 of the Code of Federal Regulations provides, in pertinent part:
> (j) The plan administrator shall provide a claimant with written or electronic notification of a plan's benefit determination on review.

C/A No. 03-1688, Feb. 8, 2005 order at 8. Plaintiff concludes that this order holds that defendant is the "administrator" because it is subject to 29 C.F.R. § 2560.[2] While a valiant attempt, plaintiff is citing scripture for his own purpose.

In determining whether judicial estoppel applies, the Fourth Circuit recognizes at least three elements:

> First, the party sought to be estopped must assert a position inconsistent with that taken in prior litigation and the position must be one of fact rather than law or legal theory. Second, the prior inconsistent position must have been accepted by the court. And third, the party sought to be estopped must intentionally have misled the court to gain unfair advantage.

Sedlack v. Braswell Services Group, Inc., 134 F.3d 219 (4th Cir. 1998). Defendant

---

[2] Section 2560 was promulgated under 29 U.S.C. § 1133, which permits the Department of Labor to issue regulations for claim denials:

In accordance with regulations of the Secretary, every employee benefit plan shall--
   (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant . . . .

28 U.S.C. § 1133. A violation of § 1133 does not automatically create liability under § 1132(c). Courts recognize that § 1133 imposes duties on the "plan" ("every employee benefit plan shall"), while § 1132(c) applies to "administrators." "'Plan' and 'plan administrators' refer to two entirely distinct actors." VanderKlok v. Provident Life, 956 F.2d 610, 618 (6th Cir. 1992). As such, § 2560 applies to the plan - not the "administrator."

6

cannot establish the second element. The February 8, 2005 order does not hold that defendant is the "administrator" for purposes of § 1132(c). "Administrator" for § 1132(c) is specifically defined by statute.

Unfortunately for clarity's sake, defendant refers to itself at least once as the "plan administrator" in briefs for C/A No. 03-1688. But defendant makes this assertion within the context of its discretion as the claims administrator. This penalty was not an issue in the previous action. The court did not adopt defendant's argument that it was the "administrator" for purposes of § 1132 (c).

Plaintiff also suggests defendant's previous assertions that it has discretionary authority to deny claims is inconsistent with present claims it is not the administrator. These positions are not patently inconsistent, as defendant has discretionary authority as a claims administrator.

For similar reasons, collateral estoppel does not apply. A proponent of collateral estoppel must establish that:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Sedlack, 134 F.3d at 223.

The issues in C/A 03-1688 and the present action are not identical. The issue "actually determined" in the first litigation concerned the operative policy language. The court did not determine that defendant was the "administrator" for purposes of §1132(c). Even if the court had determined that defendant was the administrator, such a finding was

not a "critical and necessary part of the decision" since the court listed three reasons why the 355 language was controlling. Finally, defendant did not have a "full and fair opportunity" to address § 1132(c)'s penalty in the previous action as it was not an issue. It is unreasonable to conclude that the court's reference to § 2650 should bind defendant on the § 1132(c) issue.

Other federal courts which have considered similar scenarios have found in favor of the insurer. In Ross v. Railcar America Group Disability Income Plan, 285 F.3d 735 (8th Cir. 2002), plaintiff sought the penalty from an insurer even though the plan specifically identified the employer as the plan administrator. The plan described the insurer as "responsible for the administration of the claims, including the handling and processing of claims forwarded to it." Ross, 285 F.3d at 739. Plaintiff contended the plan was ambiguous as to the identity of the administrator since the insurer served as claims administrator and was the repository of plan documents. The court upheld the district court's grant of summary judgment in the insurer's favor because the plan "unambiguously identified [employer] as the plan administrator." "[Insurer] admits that it had control over claims under the policy, but assuming that function did not transform it into the plan administrator. . . . [T]his claim can only be brought against the plan administrator." Ross, 285 F.3d at 743. Similarly, UNUM has administrative responsibilities and is responsible for processing claims and appeals. In a Sixth Circuit case, an insured sought § 1132(c) penalties against an entity identified in the plan as a "plan supervisor" with power over claims consideration. Hiney Printing Co. v. Brantner, 243 F.3d 956, 960 (6th Cir. 2001). Another entity (employer) was specifically

designated as the plan administrator. The court held that only the designated plan administrator was subject to § 1132(c).

Finally, the court notes that § 1132(c)'s penalty is awarded "in the court's discretion." Even if available through estoppel, in the court's discretion the award is not warranted on these facts.

### III.     CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that defendant's motion for summary judgment as to plaintiff's claim under § 1132(c) is **GRANTED** with prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 8, 2006**
**Charleston, South Carolina**

9